IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMPLOYERS & CEMENT MASONS #90
HEALTH & WELFARE FUND and
EMPLOYERS & CEMENT MASONS #90
PENSION FUND,
Plaintiffs,

v.

EDWARDS-KAMADULSKI, LLC,
Defendant.

Case No. 15–CV–00179–JPG

## MEMORANDUM OPINION & ORDER

This is a labor case under the Employee Retirement Income Security Act. Before the Court

are Plaintiffs Employers & Cement Masons #90 Health & Welfare Fund and Employers & Cement

Masons #90 Pension Fund's Motion to Enforce/Rule to Show Cause, (ECF No. 36), and Motion

for Entry of Judgment, (ECF No. 45). Defendant Edwards-Kamadulski, LLC did not respond. For

the reasons below, the Court:

- **GRANTS** the plaintiffs' motions; and

- **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** for
  the plaintiffs and against the defendant in the total amount of
  $3,727.42—that is, $2,651.17 for the outstanding balance
  under the Consent Decree and $1,076.25 for the plaintiffs'
  attorney's fees.

## I.    PROCEDURAL & FACTUAL HISTORY

According to the Complaint, the plaintiffs are employee-benefits funds established in a

collective-bargaining agreement between the defendant and the Cement Masons Union, Local 90.

(Compl. 2, ECF No. 1). In an ancillary document, the defendant agreed "to submit monthly

remittance reports detailing the hours worked by and wages paid to [the defendant's]

employees . . . and to pay monetary contributions to the [plaintiffs] at specified rates, based on

hours worked and/or gross pay received, for and on behalf of its employees . . . ." (*Id.* at 3). Failure to do so would result in liability to the defendant "for the contributions due, as well as liquidated damages in the amount of twenty percent of the contributions due, interest, auditing and/or accounting fees and attorney's fees and costs." (*Id.* at 4).

The plaintiffs sued in 2017 to recover allegedly delinquent fringe-benefit contributions under the agreement. (*Id.* at 1). The litigants settled in 2018, and the Court entered a Consent Decree ordering the defendants to "pay the plaintiffs the sum of $9,544.21 for fringe-benefit contributions, interest, liquidated damages, and attorney's fees and costs arising out of collection efforts." (Consent Decree 2, ECF No. 34).

> Specifically, [the d]efendant shall pay the plaintiffs the sum of $9,544.21 over an eighteen (18) month period by making eighteen (18) monthly payments to the plaintiffs, with the first of these eighteen (18) monthly payments under this Consent Decree due to plaintiffs on or before October 1, 2018, and each subsequent payment due on or before the first day of each month thereafter until the sum of $9,544.21 is paid in full.

(*Id.*) The Court also agreed to "retain jurisdiction over this action and over the parties for the purposes of enforcing the terms of this Consent Decree." (*Id.*).

In 2020, the plaintiffs informed the Court that the defendant stopped making payments under the Consent Decree. (Mot. to Enforce/Rule to Show Cause at 1). The Court set the matter for a hearing and ordered the plaintiffs to serve the defendant with notice of it. (Order 1, ECF No. 42). The plaintiffs did so, (ECF No. 43); but the defendant still failed to appear, (Minute Entry 1, ECF No. 44). The plaintiffs then moved for the entry of judgment to recover the outstanding balance under the Consent Decree ($2,651.17) and attorney's fees ($1,076.25). (Mot. for Entry of Judgment 1, ECF No. 45).

## II.     LAW & ANALYSIS

"Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced." *Frew v. Hawkins*, 540 U.S. 432, 440 (2004). Indeed, there is "no doubt of the power of a district judge to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate the terms of settlement agreed to by the parties." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985). "All that is necessary is that it be possible to infer that the [district judge] did intend to retain jurisdiction—that he did not dismiss the cause outright, thereby relinquishing jurisdiction." *Id.*

Here, the Court stated in no uncertain terms that it was retaining jurisdiction to see to the Consent Decree's enforcement. The defendants not only failed to respond to the plaintiffs' motions but also failed to appear before the Court despite having received proper notice. There is little doubt now that the defendants neglected their obligations under the Consent Decree and do not intend disputing that. Enforcement of the Consent Decree is therefore appropriate.

## III.     CONCLUSION

The Court:

- **GRANTS** the plaintiffs' motions; and

- **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** for the plaintiffs and against the defendant in the total amount of $3,727.42—that is, $2,651.17 for the outstanding balance under the Consent Decree and $1,076.25 for the plaintiffs' attorney's fees

**IT IS SO ORDERED.**

**Dated: Tuesday, January 12, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**

— 3 —